IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ROGER DALE PERSINGER, JR.,

        Plaintiff,

v.                                          Civil Action No. 5:14CV119
                                                                (STAMP)
NORTHERN REGIONAL JAIL &
CORRECTIONAL FACILITY,
DALE GRIFFITH, Unit Manager,
JAMES RUBENSTEIN, Commissioner,
Division of Corrections,
SYNTHIA GARDNER,
Central Office Grievance Review,
DIANA MILLS, Counselor, NCF,
NANCY NINE, Counselor, NCF,
KAREN PSZCZOLKOWSKI, Warden, NCF,
BRANDY MILLER, Associate Warden of Programs
and JANE/JOHN DOE,

        Defendants.


            **MEMORANDUM OPINION AND ORDER**
            **AFFIRMING AND ADOPT REPORT AND**
            **RECOMMENDATION OF MAGISTRATE JUDGE**
            **AND DISMISSING CIVIL ACTION WITH PREJUDICE**

                    I.  Procedural History

    The pro se[1] plaintiff initiated this action pursuant to 42 U.S.C. § 1983 in this Court on October 2, 2014.  His complaint asserts that the defendants failed to protect him and segregate him from an inmate, Robert Brady ("Brady"), who was transferred to the Northern Correctional Facility ("NCF"), where the plaintiff was also housed.  The plaintiff alleges that when Brady was

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

transferred to NCF, the plaintiff requested special management. The plaintiff was then placed in segregation until his claim could be heard. A special management committee then found that the plaintiff's claim was unsubstantiated and placed him back in general population. The plaintiff and Brady were then involved in an altercation three days later. The plaintiff has sought both monetary and equitable relief.

The defendants filed a motion to dismiss and United States Magistrate Judge John S. Kaull issued a Roseboro notice[2] to the plaintiff. The plaintiff then filed two responses on the same day that are almost identical. Judge Kaull then entered a report and recommendation recommending that the defendants' motion to dismiss be granted and that the case be dismissed. After receiving an extension to file objections, the plaintiff timely filed objections to the report and recommendation.

## II. Facts

The defendants asserted in their motion to dismiss that NCF is not a proper party to this action. The plaintiff stated in both his response to the motion and his objections that NCF is not a party. Thus, the magistrate judge found that NCF should be dismissed as a party.

---

[2]See Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

2

Otherwise, the plaintiff has made six claims. The plaintiff's claims assert that the defendants' actions led to his denial of special management status and ultimately his altercation with Brady.

For the reasons that follow, this Court finds that the magistrate judge's report and recommendation is affirmed and adopted in its entirety and this action is, therefore, dismissed.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff filed objections to the report and recommendation, all of the magistrate judge's recommendations to which the plaintiff objected will be reviewed de novo. All findings and recommendations to which objections were not raised will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. Discussion

The defendants assert specific defenses as to Rubenstein, Gardner, and Miller. The defendants also assert general defenses regarding all defendants, including qualified immunity and failure to exhaust administrative remedies.

A. Qualified Immunity

The defendants argue that they are entitled to qualified immunity as the plaintiff has not made any claims whatsoever that the defendant clearly violated the law or performed their tasks in an incompetent manner. The magistrate judge did not address this defense in his report and recommendation. However, this Court finds that it should review the defendants' qualified immunity defense first as it is dispositive.[3]

In his objections, the plaintiff argues that there is an existing policy to wait until an actual assault occurs and this policy violates the plaintiff's Eighth Amendment rights. The plaintiff argues that the defendants were aware of the issues he had with Brady because of the calls made and letters filed by his mother and other persons regarding Brady and the need to move the plaintiff from the Mount Olive Correctional Complex to NCF. Thus, the plaintiff contends that when Brady was also transferred to NCF, the defendants had notice of his threatening behavior. The

---

[3]"Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 200-01 (2001). The defense of qualified immunity allows a defendant to avoid trial and other litigation expenses. Id. Thus, qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. (citation omitted). Accordingly, it is important to resolve immunity questions first so as to fulfill those policy considerations. Id. (citing Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam)).

plaintiff states that an appendix is attached to his objections. However, an appendix was not attached.

"Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Winfield v. Bass</u>, 106 F.3d 525, 530 (4th Cir. 1997) (citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)). In reviewing a qualified immunity defense, this Court must identify the specific right that the plaintiff asserts was infringed by the challenged conduct, recognizing that the right must be defined at the appropriate level of particularity. <u>Taylor v. Waters</u>, 81 F.3d 429, 433 (4th Cir. 1996). This Court will then consider "whether, at the time of the claimed violation, this right was clearly established and 'whether a reasonable person in the official's position would have known that his conduct would violate that right." <u>Winfield</u>, 106 F.3d at 530 (internal quotations omitted).

Knowledge by prison officials of a sufficiently serious threat of physical harm posed by other prisoners and deliberate indifference to such a risk amounts to a violation of the Eighth Amendment. <u>Id.</u> at 531 (citation omitted). Thus, the "Eighth Amendment is violated by prison officials when two requirements [are] met: (1) action or inaction results in or creates a sufficiently serious risk of a deprivation that objectively results

5

in denial of the minimal civilized measure of life's necessities and (2) a sufficiently culpable state of mind-here deliberate indifference." Id. (internal quotation marks omitted). To establish deliberate indifference on the part of an official, a plaintiff must show a state of mind that entails more than negligence but less than purpose or knowledge, "routinely equated . . . with recklessness." Farmer v. Brennan, 511 U.S. 825, 835-36 (1994).

The use of administrative segregation is within the discretion of prison officials. See Berrier v. Allen, 951 F.2d 622, 625 (4th Cir. 1991). Consequently, the defendants' decisions regarding the plaintiff's placement in special management would be entitled to qualified immunity as long as their actions did not violate clearly established law.

In this case, the plaintiff had an opportunity to be heard regarding his issues with Brady. When he raised such issues, he was segregated and afforded a special management meeting wherein his claims were considered but found unsubstantiated. Moreover, there is no evidence that the officials who were on the special management committee had any of the evidence that the plaintiff has offered or attempted to offer (as stated above, this Court did not receive any of the documents the plaintiff claimed were contained in an "appendix") as to his prior issues with Brady. The plaintiff's other evidence regarding actions taken after his

6

altercation with Brady also fail to support his claim as the officials would not be required to know such information and predict that an altercation would occur. Accordingly, this Court cannot find that the defendants acted with deliberate indifference or recklessness in denying the plaintiff's request for special management. The defendants are therefore entitled to qualified immunity in this action.

B. Exhaustion of Administrative Remedies

The defendants contend that the plaintiff failed to exhaust his administrative remedies as the grievances he filed did not mention the special management decision or did not raise the relief sought in this action. The magistrate judge found that the plaintiff has failed to exhaust his administrative remedies and that only one set of grievances, those filed on March 14, 2014, could be generously construed as regarding the special management status. However, the magistrate judge found that those grievances would have been untimely as they must have been filed within five or fifteen days after the incident underlying the grievance, depending on which policy directive he was filing under.

In his objections, the plaintiff does not argue that his grievances were not untimely but only objects to the magistrate judge's findings regarding exhaustion and states that "he was not told there was an appeal process from the Committees [*sic*] decision to deny him [*sic*] his request for special management." Further,

7

the plaintiff "admits" to the magistrate judge's recitation of the plaintiff's grievances.

Ordinarily, a plaintiff pursuing a civil rights claim under 42 U.S.C. § 1983 need not exhaust administrative remedies before filing suit in court. Porter v. Nussle, 534 U.S. 516, 523 (2002). However, the Prisoner Litigation Reform Act ("PLRA") was revised in 1996 to add a mandatory exhaustion requirement in § 1983 actions: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1994 ed., Supp. V). This exhaustion requirement was added so as to allow corrections officials the opportunity to address prisoner complaints before the initiation of a federal case is needed. Nussle, 534 U.S. 516 at 525.

The plaintiff has not objected to the magistrate judge's recitation of the plaintiff's grievances or objected to the magistrate judge's finding that his grievances were untimely. Thus, this Court will rely on that recitation as it finds that it was not made in clear error given the evidence in this case.

Based on the magistrate judge's recitation, this Court finds that the plaintiff's objections must be overruled as his lack of knowledge does not support a finding that the grievance process was unavailable to him. Lack of knowledge of the grievance process

8

does not excuse compliance with the requirement that a prisoner exhaust his administrative remedies. See Graham v. Cnty. of Gloucester, Va., 668 F. Supp. 2d 734, 740-41 (E.D. Va. 2009) aff'd sub nom., Graham v. Gentry, 413 F. App'x 660 (4th Cir. 2011) (citing support from the United States Courts of Appeal for the Seventh Circuit, Sixth Circuit, and Tenth Circuit). This is so because "[i]f exhaustion could be excused when a prisoner claimed a lack of specific knowledge about the grievance process, an 'awareness' exception requiring courts to analyze and determine prisoners' knowledge levels of the grievance process at given points in time would be undoubtedly routinely invoked . . . [and] fraught with uncertainty." Id. at 740. Accordingly, the plaintiff's claims also fail as he failed to properly exhaust his administrative remedies. As this Court's findings regarding qualified immunity, and in the alternative, exhaustion of administrative remedies, are dispositive, this Court declines to review the other arguments raised by the parties.

## V. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the plaintiff by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     August 5, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE